# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN RICHARDSON,<br><br>                      Plaintiff,<br><br>    v.<br><br>DAVID GOTTLIEB,<br><br>                      Defendant. | 1:05cv1425 OWW DLB<br><br>ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS<br>(Document 8)<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

The instant civil rights action was transferred to this Court from the District of Maryland on November 14, 2005.

A.   <u>Application to Proceed In Forma Pauperis</u>

On December 12, 2005, pursuant to Court order, Plaintiff submitted an application to proceed in forma pauperis. Examination of the application reveals that Plaintiff is unable to afford the costs of this action. Accordingly, the application to proceed in forma pauperis is GRANTED. <u>See</u> 28 U.S.C. § 1915.

B.   <u>Screening of Complaint</u>

Pursuant to 28 U.S.C. § 1915(e)(2), the court must conduct an initial review of the complaint for sufficiency to state a claim. The court must dismiss a complaint or portion thereof if the court determines that the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune

from such relief.  28 U.S.C. § 1915(e)(2).  If the court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.

> Fed. R. Civ. P. 8(a) provides:
>
> A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

A complaint must contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support Plaintiff's claim. Id. Although a complaint need not outline all elements of a claim, it must be possible to infer from the allegations that all elements exist and that there is entitlement to relief under some viable legal theory. Walker v. South Cent. Bell Telephone Co., 904 F.2d 275, 277 (5th Cir. 1990); Lewis v. ACB Business Service, Inc., 135 F.3d 389, 405-06 (6th Cir. 1998).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740 (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff, Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Plaintiff names Fresno County Superior Court Judge David Gottlieb as the Defendant and alleges that he violated Plaintiff's civil rights during the course of an unspecified criminal proceeding.  He alleges that Defendant "conspired to violate Federal Laws, Civil Rights and Acts set forth by the United States of America as a favor to employees of Fresno County and Fresno County Police Department." Complaint, at 2.  Plaintiff does not request any specific relief.

Plaintiff's recitation of random facts does not assist the Court in putting his claims into context. The complaint therefore fails to satisfy the requirements of Rule 8. The complaint does not give fair notice and state the elements of the claim plainly and succinctly. Plaintiff fails to allege with at least some degree of particularity overt acts in which Defendants engaged that support his claims. The complaint contains little more than vague, conclusory allegations and statements, with little or no facts to put the allegations into context. In other words, the Court is unable to determine the exact nature of Plaintiff's complaints and his requested relief. Indeed, although Plaintiff alleges a general violation of his civil rights, he does not identify which federal rights he contends the Defendant violated. As stated above, although a complaint need not outline all elements of a claim, it must be possible to infer from the allegations that all elements exist and that there is entitlement to relief under some viable legal theory. Plaintiff's complaint does not meet this standard.

Plaintiff is advised that the Civil Rights Act provides:

> Every person who, under color of [state law]    . . . subjects, or causes to be subjected, any citizen of the United States. . . to the deprivation of any rights, privileges, or immunities secured by the Constitution. . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.
> 42 U.S.C. § 1983.

The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff is also advised that judges are absolutely immune from damages actions for judicial acts taken within the jurisdiction of their courts. Schucker v. Rockwood, 846 F.2d 1202,

3

1204 (9th Cir. 1988); Imbler v. Pachtman, 424 U.S. 409, 418 (1976).  However, as it is almost impossible to determine the exact nature of Plaintiff's claims, the Court will not make a finding regarding immunity until Plaintiff submits a sufficient complaint.

Plaintiff's complaint fails to state cognizable claims for relief against the named Defendant and therefore it must be dismissed in its entirety.  However, the court will grant Plaintiff the opportunity to amend the complaint if he believes he can state a cognizable claim. Plaintiff is advised that the Court cannot refer to a prior pleading in order to make Plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant with respect to Plaintiff's alleged injuries must be sufficiently alleged.  Plaintiff is further advised that failure to file an amended complaint consistent with this order may result in dismissal of the action.

Accordingly, the court HEREBY ORDERS as follows:

1. Plaintiff's application to proceed in forma pauperis is GRANTED;

2. The complaint is DISMISSED, with leave to amend;

3. Within twenty days from the date of service of this order, Plaintiff shall file an amended complaint consistent with this order;

4. The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint"; and

5.      Failure to file an amended complaint will result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

Dated:    **December 19, 2005**                          **/s/ Dennis L. Beck**
3b142a                                         UNITED STATES MAGISTRATE JUDGE